UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAMUS HOLDINGS, S.A.,<br><br>       Plaintiff,<br><br>   v.<br><br>PROJECTOR S.A. AND TRISTAR PETROLEUM S.A.,<br><br>       Defendants. | Case No. 08 Civ. 5117 (SHS)<br><br>**DECLARATION OF PROJECTOR S.A.** |

1. I am the Authorised Signatory of Projector S.A. ("Projector"). I respectfully submit this declaration at the request of Tristar Petroleum S.A. ("Tristar"). I understand that Seamus Holdings, S.A. ("Seamus") has attached certain funds claimed by Tristar on account of demurrage allegedly owed under a voyage charter party between Seamus and Projector dated 2nd August 2007 for Seamus's vessel the M/T Scorpios. I am authorized to represent Projector in this matter under a general power of attorney, and am duly authorized to make this declaration. The contents of this declaration comprise matters within my personal knowledge and matters that are derived from an inspection of the declaration of Tristar's Mr. Salem Mounzer dated June 20, 2008. In so far as the matters stated herein are within my personal knowledge, they are true. In so far as the matters stated herein are not within my personal knowledge, they are true to the best of my knowledge, information and belief.

2. I have read the declaration of Tristar's Mr. Salem Mounzer dated June 20, 2008. I confirm that it correctly describes the communications between Tristar and Projector leading to the charter addendum dated 25th September 2007 (appended as Exhibit A to Mr. Mounzer's declaration).

3. The tenor of the discussions between Tristar and Projector leading to that charter addendum was always that while Tristar wanted to see its name added to the charter, Tristar would not

thereby undertake any liability itself under the charter. Tristar did not authorize Projector to enter into any contract with Seamus on Tristar's behalf, and Projector never sought to do so.

4. When Projector directed its shipbrokers at E.A. Gibson Shipbrokers Ltd. to ask Seamus's shipbrokers to add Tristar's name to the charter, Projector did not intend that Tristar would thereby assume any obligations to Seamus under the charter. To the contrary, the wording of the addendum that "Projector always to be responsible for the fulfillment of the Charter Party" acknowledges Projector's purpose that only it and not Tristar would continue to be responsible for any obligations owed to Seamus under the charter. Tristar did not authorize Projector to tell and Projector did not tell Seamus's representatives that Tristar would assume Projector's obligations under the charter or independently undertake charterer's obligations.

5. I also confirm that the reference in the email message appended as Exhibit B to Mr. Mounzer's declaration to a need to assign the charter from Projector to Tristar was mistaken. Projector did not assign the charter or any of its obligations under the charter to Tristar.

6. I also clarify that this declaration is in no way an agreement from Projector that the current outstanding amount being claimed by Seamus is agreeable to Projector and that Projector maintains its position set out in the e-mail to Seamus, via E.A. Gibson Shipbrokers Ltd dated 24th June 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 02, 2008.

_____
Michael Kennefick