UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SEAMUS HOLDINGS, S.A.,                :       08 CIV 5117 (SHS)
:
           Plaintiff,                 :       ECF CASE
:
     - against -                      :
:
PROJECTOR S.A. and TRISTAR            :
PETROLEUM S.A.                        :
           Defendants.                :
---------------------------------------------------------------X

### DECLARATION OF ATHANASIOS THEOCHARIS

Athanasios Theocharis declares under penalty of perjury of the laws of the United States of America as follows:

1. I am a Greek national, am 41 years of age, and am a broker with JMS S.A., a Greek-based vessel charter brokerage company.

2. I have been asked to submit this Declaration by Lennon, Murphy and Lennon, the attorneys representing the Plaintiff Owner Seamus Holdings S.A. in this action.

3. I was the broker who handled the transaction for the Plaintiff Owner Seamus Holdings S.A. and I have personal knowledge of the facts and circumstances set forth below.

4. I begin this Declaration with a brief overview of my background and business career in the chartering business and then address the negotiations for this charter party, specifically the agreement to assign the charterparty to Tristar Petroleum S.A. which I understand is the issue in contention.

5. I have been working in the capacity as a charter broker since 1992, and during my career, I have successfully brokered over 800 charter parties involving ocean-going vessels.

1

6. I am presently employed with IMS S.A., which is a Greek-based charter brokering entity which employs 3 brokers. IMS is a recognized brokerage entity which handles, on average, about 140 charter agreements per year. IMS acts as brokers for both owning and chartering interests, although in this instance, we were acting on behalf of the owner's interests.

7. My position with the company is as a Chartering and Ship Sales and Purchase broker. I have been with IMS since 2004 and previously I have worked as a broker/Chartering manager with Capital/Curson and Medcare and Eletchon.

8. As is typical in most charter party negotiations, each side utilized a separate broker to negotiate the deal.

9. As noted above, IMS represented the Owner Seamus, and the Charterers were represented by an English-based brokerage company called "E.A. Gibson Shipbrokers" in London (a Mr. Adam Toale was the individual who handled the trade at Gibsons).

10. On the 2nd August 2007, we succeeded to fix a voyage charter between Seamus and Projector S.A. for the M/T Scorpios.

11. During the negotiations leading up to the fixture and shortly afterwards, Mr Adam Toale repeatedly advised to me that the Charterers, for their own cargo trading purposes, may need to assign the charterparty to Tristar Petroleum S.A., an associated company of the Charterers. I discussed the matter with the Owners who did not know Tristar Petroleum S.A. and were apprehensive to agree to an assignment of the charterparty without continuing to tie in Projector S.A. to the charterparty. So I advised Mr Toale that it would not be possible for me to convince the Owners in any way to accept an assignment of the charter unless Projector S.A., who were known to me and the Owners and to the market, continued to be fully responsible for

2

all payments under the charterparty whatsoever, inclusive of freight, demurrage, detention, charges etc, in addition to the new Charterers.

12. I advised him that the Owners had absolutely no obligation nor interest nor any benefit to become involved in any assignment of the charterparty to a party which they did not know. I advised him that, nevertheless, in order to preserve their commercial dealing with Projector S.A., the Owners might consider such a proposal if it was ever formally made by the Charterers and I would discuss it with them, however there had to be a clear understanding that along with the party that would have the charter assigned to them, Projector S.A. would continue to remain responsible for the performance of the charterparty and for all payments arising thereunder.

13. I should point out that the use of the word assignment during our discussions was neither accidental nor mistaken. The Charterers were not merely suggesting that in due course they would need to sublet or sub-charter the vessel, which they were entitled to do anyway under the sublet clause in the charter. On the contrary, they were specifically considering the passing over of the entire charter from the outset to a new party. they were specifically considering assignment of the charter. It was not known precisely why they might wish to do this. Perhaps it would need to be done so as to overcome some regulation or quota instituted by the Nigerian Government or perhaps they would need to satisfy some Letter of Credit obligation.

14. In any event, I told Mr Toale that if the Charterers wanted an assignment then they would have to put something down in writing formally in due course so that the Owners could respond properly and would be covered in the event that anybody ever challenged the involvement of Tristar and sought to cause trouble for the vessel.

15. After the fixing of the charterparty, correspondence continued between TMS and Gibsons as numerous operational matters and items of information were exchanged between the Owners and the Charterers. These items included voyage instructions, loading and arrival drafts, cargo quantities, port agent details and so on. Gibsons handled this correspondence via their tanker operations department and I recall in particular the involvement of a Mr Graham Bishop and Mr Steve Page. The correspondence from the charterers was usually being passed on to us by Gibsons in the form of a quote/unquote message from Charterers. Nearly all the correspondence received from Gibsons as coming from the Charterers ended with the words "Projector Services Ltd For and On behalf of Projector S.A.". This correspondence was always acted upon by the parties and hence any correspondence which we received ending with the words "Projector Services Ltd For and On behalf of Projector S.A." was treated as genuine correspondence.

16. On the 19th August 2007 the vessel arrived at Ashqelon, Israel to load its cargo. Thereafter, the vessel proceeded to Lome where it effected part discharge of its cargo on or about the 9-12th September and then departed for the final discharge port of Lagos. The vessel arrived at Lagos a few hours later on the 12th September 2007 and tendered its Notice of Readiness at 15:30 hours local time, ie about 17:30 hours Piraeus time.

17. Then, on the 13th September 2007, I saw an email from Gibsons setting out a request from the Charterers for the assignment of the charterparty to Tristar with Projector S.A. remaining responsible for all obligations. *A copy of this email correspondence is attached hereto as Exhibit 1.* The conditions for performing the assignment, i.e. Projector will remain responsible for all commercial aspects of the charter party, were as had been set down by the Owners and which I had communicated to Mr Toale.

4

18. I contacted the Owners and discussed with them whether they were willing to agree to the assignment of the charterparty on the terms previously discussed. They told me that they would revert shortly.

19. Later on the 13th September and again on the 14th September, I received reminders from Gibsons but I could not yet respond either way since I had not received instructions yet from the Owners.

20. I do not precisely recall when, but sometime within the next few days I received confirmation from the Owners to agree to the assignment of the charterparty so long as in addition to the contractual obligations being assumed by Tristar, Projector S.A would also continue to be responsible for the performance of the charterparty including the payment obligations. I advised this to Gibsons who said that their clients agreed. As a result of this agreement, on the 25th September 2007 I received an email message from Gibsons setting forth the parties' mutual agreement to amend the charterer to "Tristar Petroleum, S.A, Projector always to be responsible for the fulfillment of the charterparty." *A copy of this email message is attached hereto as Exhibit 2.*

21. On the 26th September 2007 I also received addendum number 1 which formalized the parties agreement assigning the charterparty to Tristar. *A copy of the Addendum is attached hereto as Exhibit 3.*

22. Subsequently, in the absence of instructions from Gibsons in respect of the form of the notices to be given to the Charterers and the contact details, the parties continued to perform the charter as previously.

23. Since then, I understand that a number of differences have arisen between Seamus Holdings S.A. and Tristar Petroleum S.A. and Projector S.A.. I have not been asked to comment

on any of those differences with the exception of the issue of the assignment of the charterparty. It is my honest belief that Seamus Holdings S.A. agreed to the full assignment of the charterparty to Tristar Petroleum S.A. without any limitations whatsoever and without any parts of the charterparty being excluded from the assignment. In addition, Projector S.A. would continue to be responsible for the full performance of the charterparty which included the Charterers. payment obligations.

24. I understand that Tristar Petroleum S.A. and Projector S.A. are seeking to argue that no assignment in fact took place and that in any event only some obligations of the charter were assigned. To my understanding that is not correct because at no point in time was there any discussion whatsoever about only part of the charter being assigned to Tristar Petroleum S.A. and as far as the Owners were concerned, there was an addendum to the charterparty assigning it fully to Tristar Petroleum S.A.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at (Piraeus, Greece) on July 09 – 07, 2008

_____
(Date)

EXHIBIT 1

Page 1 of 1

Print Copy for : VARIAMOU DIMITRA

SENT OK Inc.MSG.: 213147    Date: Thu 13/Sep/2007 00:29
From: Operations//Gibson E.A. Tankers <"E A Gibson Ltd.-Tanker OPS (Page Steve)" <tops@eagibson.co.uk>>
Subject: SCORPIOS / PROJECTOR ** MSG#:<149967>
TO : <operations@irssx.gr>

Good day,

Pls note blwg request to assign the c/p rcvd fm chrtrs

- qte

We need to assign this charter party to Tristar Petroleum SA.

Projector will remain responsible for all commercial aspects of the charter party.

Projector will make all payments and issue all instructions.

Please have owners confirm.

Best regards
Richard Hutton
Projector Services Ltd
for Projector SA

- unq

Pls confirm

brgds
Steve

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

E. A. Gibson Shipbrokers is a limited company registered in England and Wales. Reg No. 710161. Registered office: E. A. Gibson Shipbrokers Ltd, Audrey House, 16-20 Ely Place, London. EC1P 1BF

Sent with Danaos Info&Gate Communication Software

EXHIBIT 2

Page 1 of 1

Print Copy for : VARLAMOU DIMITRA

SENT OK Inc.MSG.: 223885          Date: Tue 25/Sep/2007 14:32
From: Gibson E.A. Tankers <"E A Gibson Ltd. - Clean" <clean@eagibson.co.uk>>
Subject: SCORPIOS - ADDENDUM **   MSG#:<157177>
TO : <paul@navig8group.com>, <TOPS@eagibson.co.uk>, <chartering@imssa.gr>

RE : SCORPIOS/PROJECTOR - C/P DATED 02 AUGUST 2007

ADDENDUM NO 1 DATED 25 SEPT 2007

IT IS HEREBY MUTUALLY AGREED TO AMMEND THE CHARTERER TO "TRISTAR PETROLEUM S.A,
PROJECTOR ALWAYS TO BE RESPONSIBLE FOR THE FULFILMENT OF THE CHARTERPARTY".

ALL OTHER DETAILS REMAIN.

REGARDS
ADAM TOALE
EA GIBSON SHIPBROKERS LTD
+ 44 20 7667 1129

The information transmitted is intended only for the person or entity to which
it is addressed and may contain confidential and/or privileged material. Any
review, retransmission, dissemination or other use of, or taking of any action
in reliance upon, this information by persons or entities other than the
intended recipient is prohibited. If you received this in error, please contact
the sender and delete the material from any computer.

E. A. Gibson Shipbrokers is a limited company registered in England and Wales.
Reg No. 710101. Registered office: E. A. Gibson Shipbrokers Ltd, Audrey House,
16-20 Ely Place, London. EC1P 1BS

Sent with Danaos Info&Gate Communication Software

EXHIBIT 3



25th September 2007

M.T. "SCORPIOS"

ADDENDUM No.1 to the above Charter Party dated 1st August 2007 (hereinafter referred to as "the Charter Party") between SEAMUS HOLDINGS S.A. as OWNER and PROJECTOR S.A. OF BELIZE, as CHARTERER.

It is hereby mutually agreed to amend the Charterer's style to read "TRISTAR PETROLEUM S.A.". Projector always to be responsible for the fulfilment of the Charter Party.

All other terms, conditions, exceptions and exemptions from liability of this Charter Party shall remain unaltered.

OWNERS                    CHARTERERS

23